UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN A. AMESBURY, Executrix of the ESTATE OF BRIAN MARK PATTON, Deceased, and AMY BETH PATTON, his wife, and DAVID MORGAN,<br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CSA, LTD. (CSA), COMBAT SUPPORT ASSOCIATES, AECOM GOVERNMENT SERVICES, INC. (AECOM), RESEARCH AND ANALYSIS MAINTENANCE, INC., (RAM), SMI INTERNATIONAL CORP. (SMI), MORGAN LEE HANKS, ALEUT MANAGEMENT SERVICES, LLC,<br>　　　　Defendants. | NO. 3:10-CV-1712<br><br>Judge Kosik |

## MEMORANDUM

The present case has an extensive procedural history, and the Court recites a very brief summary. This case was originally scheduled for trial on November 26, 2012, then subsequently rescheduled for February 26, 2013. On February 21, 2013, the Court granted Defendants' motion to certify the matter for an interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 192.) The United States Court of Appeals for the Third Circuit denied the petition for interlocutory appeal on May 9, 2013, and subsequently dismissed the Notice of Appeal cases pursuant to Fed. R. App. P. 42(b) on August 2, 2013 (Doc. 199). On August 5, 2013, the Court brought <u>Harris v. Kellogg Brown & Root Services, Inc.</u>, 724 F.3d 458 (3d Cir. Aug. 1, 2013), to the parties' attention since it presented similar legal issues to the instant case. (Doc. 201.) A status conference call

was held on September 12, 2013, and the Court allowed the parties to submit briefs that articulated their positions regarding the implications of Harris. Additionally, Plaintiffs filed an untimely Motion in Limine to Preclude the Balance of the Expert Testimony and Report of Lee Carr on February 12, 2013. (Doc. 181.) The Court has reviewed counsels' letters and briefs to the Court (Docs. 211-14, 216-17), which include Defendants' request for reconsideration in light of Harris, Plaintiffs' motion in limine (Doc. 181), and Defendants' brief in opposition of Plaintiffs' motion in limine (Doc. 182).

The Court looks first at Defendants' request for reconsideration. Defendants' letter to the Court dated September 20, 2013 (Doc. 216), requests the Court to reconsider (1) its denial of Defendants' motion to dismiss under the combatant activities exception; (2) its choice of Pennsylvania law; and (3) its exclusion of certain expert testimony about the Army convoy. Additionally, Defendants ask the Court to delay the trial pending the United States Supreme Court's disposition of KBR's petition in Harris.

After review of the parties' letters to the Court and the recent, precedential Harris opinion, the Court (1) stands by its previous decisions (Docs. 86 and 179), since after applying the command authority test, the combatant activities exception is not applicable in the present case; (2) stands by its previous decision (Doc. 178), to apply Pennsylvania law as Harris has not presented any change in law to require reconsideration of the Court's choice of Pennsylvania law;[1] and (3) stands by its previous decision (Doc. 178), to exclude expert testimony from CSA's two experts that

---

[1] Defendants also asked the Court to explain its choice of Pennsylvania law. (Doc. 216.) The Court finds this unnecessary since it was noted in the Order dated February 7, 2013, that the Court adopted the reasoning of Plaintiffs' opposition brief. (Doc. 178.)

discuss the management, conduct, or spacing of the Army convoy under Rule 702 of the Federal Rules of Evidence because the expert testimony will not "assist the trier of fact to understand the evidence or determine a fact in issue."[2] The Court also agrees with Plaintiffs' concern over further delay of this trial. Therefore, the Court denies Defendants' request to delay this case further.

Lastly, the Court reviewed Plaintiffs' untimely motion in limine and Defendants' brief in opposition. The Court finds Plaintiffs' motion unsupported and will therefore allow expert testimony by Lee Carr as to the remaining issues that were not previously precluded.

Edwin M. Kosik
United States District Judge

October 23, 2013

---

[2] The Court stated in its Memorandum of Law (Doc. 179), that the preclusion of expert testimony "would not preclude the parties from relying on witnesses to the events to show the accident was caused by persons, entities or circumstances other than Hanks, whether they are a party or not." The Court finds this consistent with the Harris court's analysis of admissible evidence in light of Pennsylvania's application of joint and several liability since the factfinder will not be asked to reexamine the military's wisdom, as the "disputes are entirely factual."

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN A. AMESBURY, Executrix of the
ESTATE OF BRIAN MARK PATTON,
Deceased, and AMY BETH PATTON,
his wife, and DAVID MORGAN,
    Plaintiffs,

v.

CSA, LTD. (CSA), COMBAT SUPPORT
ASSOCIATES, AECOM GOVERNMENT
SERVICES, INC. (AECOM), RESEARCH
AND ANALYSIS MAINTENANCE, INC.,
(RAM), SMI INTERNATIONAL CORP.
(SMI), MORGAN LEE HANKS, ALEUT
MANAGEMENT SERVICES, LLC,
    Defendants.

NO. 3:10-CV-1712

Judge Kosik

## ORDER

AND NOW, THIS 23rd DAY OF OCTOBER 2013, IT IS HEREBY ORDERED THAT:

(1) Defendants' Motion for Reconsideration (Doc. 216) is **DENIED**;

(2) Plaintiff's Motion in Limine to Preclude the Balance of the Expert Testimony and Report of Lee Carr (Doc. 181) is **DENIED**; and

(3) A pretrial conference shall be set forthwith.

Edwin M. Kosik
United States District Judge