UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KAREN A. AMESBURY, Executrix of the :
ESTATE OF BRIAN MARK PATTON, :
Deceased, and AMY BETH PATTON, :
his wife, and MARGARET A. MORGAN, :
Executrix of the Estate of DAVID :
MORGAN, :
        Plaintiffs, :
 : NO. 3:10-CV-1712
        v. :
 :
CSA, LTD. (CSA), COMBAT SUPPORT : Judge Kosik
ASSOCIATES, AECOM GOVERNMENT :
SERVICES, INC. (AECOM), RESEARCH :
AND ANALYSIS MAINTENANCE, INC., :
(RAM), SMI INTERNATIONAL CORP. :
(SMI), MORGAN LEE HANKS, ALEUT :
MANAGEMENT SERVICES, LLC, :
        Defendants. :

FILED
SCRANTON

JAN 2 3 2014

PER _____
DEPUTY CLERK

## MEMORANDUM

Before the Court are several outstanding issues that are ripe for disposition: (1)

Defendants' Motion in Limine to Preclude Evidence of Damages Available Under the

Pennsylvania Survival Act Including, but not Limited to, Any Claim for Punitive Damages and

the Alleged Pain and Suffering of Decedent David Morgan (Doc. 228); (2) Defendants' Trial

Brief Relating to the Court's Ruling that Pennsylvania Law and the Pennsylvania Rules of the

Road Shall be Applied in this Case (Doc. 227); and (3) Defendants' Letter Brief arguing that

Plaintiff, Margaret A. Morgan, Executrix of the Estate of David Morgan, Deceased, is not

entitled to the recovery of medical bill payments made by the U. S. Navy (Doc. 244).

1

A.    **Damages Under the Pennsylvania Survival Act**

The issue before the Court is whether Plaintiff Margaret A. Morgan sufficiently pled a

cause of action under the Pennsylvania Survival Act, 42 Pa.C.S. § 8302 and 20 Pa.C.S. § 3373,

in her Second Amended Complaint. We find that she did.

David Morgan ("Decedent") filed his initial Complaint on September 27, 2010. (Doc. 1,

10-CV-1999.) On October 26, 2010, Decedent filed an Amended Complaint. (Doc. 6.) On

August 21, 2013, the Court was notified of Decedent's passing on August 10, 2013. (Doc. 205.)

Plaintiff Margaret A. Morgan, Executrix of Decedent's Estate, filed a Second Amended

Complaint on September 5, 2013. (Doc. 210.) Defendants filed an Answer to the Second

Amended Complaint on September 27, 2013. (Doc. 218.) On November 14, 2013, Defendants

filed a Motion in Limine to Preclude Evidence of Damages Available Under the Pennsylvania

Survival Act. (Doc. 228.) Plaintiff Morgan filed a brief in opposition to Defendants' Motion in

Limine on November 18, 2013. (Doc. 231.) Defendants filed a reply brief on November 25,

2013. (Doc. 234.) At the December 3, 2013, pre-trial conference, we asked the parties to

articulate the implications of <u>Gallick v. United States</u>, 542 F. Supp. 188 (M.D. Pa. 1981) on the

present Motion in Limine. The parties did so by way of letter briefs to the Court. (Docs. 242,

243, 245.) The motion is fully briefed and ripe for disposition.

Defendants argue that Plaintiff Morgan did not sufficiently plead a cause of action under

the Survival Act pursuant to Rule 8 of the Federal Rules of Civil Procedure; therefore, evidence

relating to Decedent's alleged conscious pain and suffering and possible punitive damages

should be precluded from admission under Rule 402 of the Federal Rules of Evidence.

Defendants assert that Plaintiff Morgan must set forth a cause of action under a specific count to

2

sufficiently plead under Rule 8 of the Federal Rules of Civil Procedure.

To sufficiently plead a cause of action under Rule 8, the pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In Gallick v. United States, 542 F. Supp. 188 (M.D. Pa. 1982), the plaintiff brought a

claim under the Swine Flu Act and the Federal Tort Claims Act ("FTCA"). The Complaint did

not "clearly delineate[]" the plaintiff's claims under Pennsylvania's survival and wrongful death

statutes. Id. at 189-90. Judge Conaboy stated:

After reviewing the Complaint in the instant case, the Court finds that the Plaintiff has adequately pled a cause of action under both the wrongful death and survival statutes of Pennsylvania. While the Plaintiff has not clearly delineated his claims as such, nevertheless, such technical exactness is not necessary under federal rules of pleading, which require only that a plaintiff set forth a "short and plain statement" of his claim for relief. Fed.R.Civ.P. 8(a)(2). Moreover, under the rules, "(a)ll pleadings ... (are to) be so construed as to do substantial justice." Fed.R.Civ.P. 8(f).

Id. at 190. Judge Conaboy also looked at the record before him for any indication that the

plaintiff chose to abandon one of the causes of action under the survival and wrongful death

statutes and found there was no indication of the intent to abandon either claim. Id. at 190-91.

We agree with Judge Conaboy that Rule 8 requires a "short and plain statement of the

claim" for relief, and does not require technical exactness as argued by Defendants. Therefore,

3

we review the Second Amended Complaint, which does not have a Survival Action claim delineated under a separate Count, to determine whether Plaintiff Morgan adequately pled a cause of action under the Pennsylvania Survival Act.

Causes of action under the Pennsylvania Survival Act and the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301 and Pa.R.C.P. § 2202(a), are "separate and distinct." Schwab v. P. J. Oesterling & Son, Inc., 126 A.2d 418, 420 (Pa. 1956). Additionally, damages under the two Acts are different and may not overlap. Rapp v. Cameron, 2001 U.S. Dist. LEXIS 24094, at *3 (E.D. Pa. Aug. 17, 2001).

The Pennsylvania Survival Act, 42 Pa.C.S. § 8302, provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff . . . ." Additionally, 20 Pa.C.S. § 3373 states, "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." Damages available under the Survival Act include conscious pain and suffering, loss of earnings from the date of injury until the decedent's death, and loss of future earnings, less the cost of maintenance. Altamuro v. Milner Hotel, Inc., 540 F. Supp. 870, 878 (E.D. Pa. 1982). Additionally, punitive damages are available under the Survival Act if the decedent would be entitled to them. Harvey v. Hassinger, 461 A.2d 814, 815 (Pa. Super. Ct. 1983).

In comparison, the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301, created a cause of action for the deceased's spouse, children, or parents. "The purpose of the Wrongful Death Statute is to compensate the decedent's relatives for their loss." Gillette v. Wurst, 937 A.2d 430, 436 (Pa. 2007). "Damages for wrongful death are the value of the decedent's life to the family,

4

as well as expenses caused to the family by reason of the death." Hatwood v. Hospital of the Univ. of Pennsylvania, 55 A.3d 1229, 1235 (Pa. Super. Ct. 2012) (quoting Rettger v. UPMC Shadyside, 991 A.2d 915, 932 (Pa. Super. Ct. 2010)).  Punitive damages are not allowed under the Wrongful Death Act.  Harvey, 461 A.2d at 815.

Here, Plaintiff Margaret A. Morgan filed a Second Amended Complaint (Doc. 210) on September 5, 2013.  The parties were amended to include Margaret A. Morgan, as Executrix of the Estate of the Decedent; Ariana Morgan, daughter of the Decedent; and Margaret and Charles Morgan, parents of the Decedent.  In paragraph 1 of the Second Amended Complaint, Plaintiff Morgan set forth, "All of the causes of action or proceeding in this matter belonging to David C. Morgan survive the death of David C. Morgan, and Margaret A. Morgan claims the right to all damages allowed by law for such action or proceeding in her capacity as the Executor of the Estate of David C. Morgan."  Additionally, Plaintiff Morgan added Count Seven - Wrongful Death Action.  Plaintiff Morgan did not add a separate Count specifically delineating a Survival Act claim.

Plaintiff Morgan argues that although she did not set forth a specific count for a cause of action under the Survival Act, Paragraph 1, Paragraph 36, and the Whereas Clauses, sufficiently plead a cause of action under the Pennsylvania Survival Act pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiff Morgan asserts that Paragraph 36, which is specifically incorporated by reference in each Count of the Second Amended Complaint, identifies the nature of the damages Plaintiff Morgan seeks as Executrix of Decedent's estate.  Specifically, Paragraph 36 states:

36.    David C. Morgan suffered a sever (*sic*) head injury, including, but not limited to, loss of consciousness, impairment and loss of memory and other brain functions, and impairment and loss of the powers of speech, hearing and sight. David C. Morgan suffered fractured bones, abrasions and lacerations.  David C. Morgan suffered the loss of the ability to control his limbs.  David C. Morgan finally succumbed to his injuries and died on August 10, 2013.  During the time between the accident and his death David C. Morgan was permanently bedridden. David C. Morgan was also disfigures (*sic*) as a result of this collision.  David C. Morgan had numerous operations and procedures after he was injured.  David C. Morgan has incurred medical and therapy bills for treatment of these injuries. During his lifetime David C. Morgan was inconvenienced because of these injuries.  During his lifetime David C. Morgan suffered depression, mental and physical pain, suffering and anguish and the loss of the enjoyment of life and embarrassment on account of these injuries and disfigurement.  David C. Morgan has suffered past wage loss due to absence from work because of these injuries and treatment and therapy and will continue suffer (*sic*) future wage loss.  David C. Morgan has suffered the loss of retirement benefits and Social Security Benefits.  David C. Morgan has suffered the loss of the enjoyment life (*sic*).

Additionally, Plaintiff Morgan argues that the Whereas Clauses at the end of Counts 1-6

further support a sufficient pleading for a cause of action under the Survival Act.  The Whereas

Clauses state:

WHEREFORE, Margaret A. Morgan, as the Executor of the Estate of David C. Morgan, requests judgment against [named Defendants], jointly and severally, in an amount not less than $75,000, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

In construing the Second Amended Complaint as to do substantial justice, we note that

the Second Amended Complaint included the proper party authorized to bring a Survival Act

claim, Executrix of Decedent's estate.  Additionally, Paragraph 36 describes damages

recoverable under the Survival Act and not the Wrongful Death Act, such as conscious pain and

suffering, loss of wages from the date of the injury until Decedent's death, and the loss of future

earnings.  The Whereas Clauses also clearly denote that Plaintiff Morgan is seeking relief as

Executrix of Decedent's estate for causes of action that were properly brought by Decedent during his life, but has since survived the Decedent.

Therefore, we find that Plaintiff Morgan properly pled a cause of action under the Pennsylvania Survival Act pursuant to Rule 8, and is entitled to present evidence of relief recoverable under the Survival Act.

**B.**     **Admissibility of Joseph P. Tarris's Expert Report**

Plaintiffs challenge the admissibility of Defendants' expert, Joseph P. Tarris.  We find that Defendants are precluded from introducing the opinions of Mr. Tarris because his opinions of how ASR Aspen would have been marked if it was a Pennsylvania road, would confuse and mislead the jury.

On February 7, 2013 (Doc. 178), and October 23, 2013 (Doc. 220), we issued Orders stating that Pennsylvania law would apply to the present action.  Defendants filed a trial brief relating to that decision on November 14, 2013 (Doc. 227).  Attached to Defendants' brief was an expert report by Mr. Tarris, a highway and traffic engineering expert.  (Doc. 227, Ex. A.)  In response, Plaintiffs challenged the report by letter dated December 10, 2013.  (Doc. 246.) Defendants filed a reply letter on December 12, 2013.  (Doc. 247.)  Before us is the issue of the admissibility of Mr. Tarris's opinions.  The motion is fully briefed and ripe for disposition.

Plaintiffs argue that Mr. Tarris's expert testimony should be precluded because such testimony would be inaccurate and mislead and confuse the jury.  Alternatively, Plaintiffs request an extension of time to retain a rebuttal witness, if the Court does not preclude Defendants' expert.

Mr. Tarris opines that if ASR Aspen, a Kuwaiti Road, was located in Pennsylvania, it

7

would contain traffic controls and signage to denote where it was safe to pass. Plaintiffs argue

that the Pennsylvania Department of Transportation ("DOT") is not required to mark roadways in

the way Mr. Tarris suggests. Rather, if DOT exercises its discretion to mark a roadway, it must

then comply with mandatory requirements set forth in the Pennsylvania Motor Vehicle Code and

Manual on Uniform Traffic Control Devices.[1]  Additionally, Plaintiffs argue that the Motor

Vehicle Code addresses driving and passing on roads that are not marked with centerlines or

have posted speed limits, similar to the conditions of ASR Aspen.[2]  Therefore, Plaintiffs argue

that Mr. Tarris should be precluded from testifying as to what he believes is required to be

present on ASR Aspen, since the Motor Vehicle Code gives discretion to the DOT and local

authorities as to the implementation of traffic controls and signage.

      To determine the admissibility of Mr. Tarris's expert opinions, we look to Rule 702 of the

Federal Rules of Evidence. Expert testimony is required if factual matters are outside the ken of

lay persons, and the expert testimony will "help the trier of fact to understand the evidence or to

determine a fact in issue; . . . ." Fed.R.Evid. 702.

      We agree with Plaintiffs that the Pennsylvania Motor Vehicle Code gives the DOT and

local authorities discretion to mark roadways with centerlines and designate passing and no

passing zones, as evidenced by the many Pennsylvania roads that are unmarked. Due to the

discretionary nature of the Motor Vehicle Code, Mr. Tarris's opinions that ASR Aspen would

---

[1] To show DOT's discretion, Plaintiffs cite to Section 3307 - No-Passing Zones, and Section 6122 - Authority to Erect Traffic-Control Devices.

[2] Plaintiffs cite to Sections 3305 and 3306 of the Motor Vehicle Code. Section 3305 - Limitations on Overtaking on the Left - discusses overtaking on the left side of the center or marked center line of the roadway, and Section 3306 - Limitations on Driving on Left Side of Roadway - discusses driving on the left side of the road when approaching a crest or a curve.

have been marked if it was a Pennsylvania road, would mislead and confuse the jury.[3]  Therefore, we hold that Defendants are precluded from introducing the opinions of Mr. Tarris.

## C.    Recovery of Medical Bill Payments

Defendants challenge Plaintiff Margaret A. Morgan, Executrix of Decedent's Estate, right to recover medical bill payments.  We find that Plaintiff Morgan is not entitled to recover medical care expenses paid for by TRICARE and the United States Department of Veterans Affairs ("VA") for David Morgan's treatment prior to his death, because the payments for medical care were not from a collateral source under Pennsylvania law.

Decedent received medical care paid for by TRICARE and the VA until he passed on August 10, 2013.[4]  Initially, Plaintiff Morgan agreed to protect the Government's claim by way of Plaintiff Morgan's counsel signing an Attorney Protection Agreement as referenced in a letter from the Department of the Navy ("DON") dated September 18, 2013.  (Doc. 244, Ex. B.)  In that letter, the DON withdrew from the Attorney Protection Agreement and chose not to pursue recovery for medical treatment costs under the MCRA and 10 U.S.C. § 1095.  (Id.)  On December 9, 2013, Defendants submitted a letter brief arguing that Plaintiff Morgan was not entitled to the recovery of medical bill payments.  (Doc. 244.)  Plaintiff responded by letter briefs on December 16 and 18, 2013.  (Docs. 248, 249.)  On December 19, 2013, Defendants filed a reply letter brief.  (Doc. 250.)  Plaintiff Morgan filed a sur-reply letter brief on January 6, 2014.

---

[3] We note that Defendants are not precluded from introducing testimony from witnesses familiar with ASR Aspen.

[4] Plaintiff Morgan notes that TRICARE paid $936,598.33 to third party medical providers through November 30, 2012.  Plaintiff Morgan is seeking documentation of additional TRICARE payments made through August 10, 2013, and the cost of medical care provided by the VA.  (Doc. 248 at n.1.)  Plaintiff also notes they will be seeking the reasonable value of those costs.

(Doc. 252.) We issued an Order on January 9, 2014 (Doc. 253), requesting Defendants either cite to the record or provide to the Court, the part of the Contract that discusses the Government's liability for any recovery. Defendants complied with our Order on January 15, 2014, and provided us with a copy of the Contract's pertinent part. (Doc. 254.) The motion is fully briefed and ripe for disposition.

Defendants argue in their letter briefs (Docs. 244 and 250), that Plaintiff Morgan is barred from recovering the cost of medical services because the DON waived its right to pursue recovery of any medical treatment costs under the Medical Care Recovery Act ("MCRA"), 42 U.S.C. § 2651-53 and 10 U.S.C. § 1095, and such benefits were not from a collateral source under Pennsylvania law.

In response, Plaintiff Morgan argues that the MCRA creates an independent right of the government to recover medical expenses, but does not extinguish Plaintiff's right to recover those expenses when the government waives its right. Additionally, Plaintiff Morgan argues that the medical care payments are from a collateral source under Pennsylvania law, and the Court should not consider the Combat Support Services Contract - Kuwait ("Contract") between Defendant CSA, Ltd. and the United States Army.[5]

We first discuss the effect that the MCRA and 10 U.S.C. § 1095 have on the present action. Section 2651(a) of the MCRA creates an independent right in the United States to recover from a third person, or that person's insurer, the reasonable value of the care and treatment furnished, when the "United States is authorized or required by law to furnish or pay for hospital, medical, surgical or dental care and treatment . . . ." 42 U.S.C. § 2651(a); United

---

[5] Contract DASA02-99-C-1234. (Doc. 254, Encls. 1-2.)

States v. Meerigan, 389 F.2d 21, 23 (3d Cir. 1968) (citing H.R. Rep. No. 1534, 87th Cong. 2d

Sess., pp. 2-4 (1964), U.S. Code Congressional and Administrative News, p. 2637; United States

v. Fort Benning Rifle & Pistol Club, 387 F.2d 884 (5th Cir. 1976)).  Subsection (d), the

enforcement provision of the MCRA, is written in permissive terms and allows the United States

to intervene or join an action brought by an injured party, or institute an action, if the injured

party did not commence an action within six months after the first day of care furnished or paid

for by the United States.  See Meerigan, 389 F.2d at 24-26.

　　　Additionally, Defendants reference part of 10 U.S.C. § 1095(a), which states, "In the case

of a person who is a covered beneficiary, the United States shall have the right to collect from a

third-party payer reasonable charges for health care services incurred by the United States on

behalf of such person through a facility of the uniformed services to the extent that the person

would be eligible to receive reimbursement or indemnification from the third-party payer if the

person were to incur such charges on the person's own behalf . . . ."

　　　We agree with Plaintiff Morgan that the plain reading of Section 2651(a) of the MCRA

creates an independent right to recover medical care costs.  Specifically, Section 2651(a) in

pertinent part states, "[T]he United States shall have a right to recover (independent of the rights

of the injured or diseased person) from said third person, or that person's insurer, the reasonable

value of the care and treatment so furnished, paid for, or to be paid for . . . ."  Although the DON

waived its right to recover the medical care costs incurred on behalf of David Morgan, we find

that this does not extinguish Plaintiff Morgan's right to recover under the MCRA.

　　　We next consider Defendants' argument that Plaintiff Morgan should not recover the cost

of free medical services, which the Government provided in accordance with 10 U.S.C. § 1074,[6]

because it was not from a collateral source under Pennsylvania law.  Defendants argue that it was

not from a collateral source because free medical care to active duty service members is not a

benefit bargained for in the ordinary employment relationship, as service members do not

contribute monetarily to the original source of payment, nor is it gratuitous.  Defendants also

argue that the payments are not from a collateral source because the United States Government

will ultimately be held liable pursuant to the Contract (Doc. 254, Encls. 1-2).  The Contract

incorporated by reference, Federal Acquisition Regulation ("FAR") 52.228-7, which discusses

liability to third persons.  (Doc. 254, Encls. 1-2.)  In pertinent part, FAR 52.228-7 states:

> (c) The Contractor shall be reimbursed –
>
> (2) For certain liabilities (and expenses incidental to such liabilities) to third persons not compensated by insurance or otherwise without regard to and as an exception to the limitation of cost or the limitation of funds clause of this contract.  These liabilities must arise out of the performance of this contract, whether or not caused by the negligence of the Contractor or the Contractor's agents, servants, or employees, and must be represented by final judgments or settlements approved in writing by the Government.  These liabilities are for –
>
> (i) Loss of or damage to property . . .; or
> (ii) Death or bodily injury.

(Doc. 254, Encl. 2.)

In response, Plaintiff Morgan argues that the collateral source rule applies because the

Government is not a party, and the rule is not limited to where the injured party has contributed

to the source of the payments made.

---

[6] 10 U.S.C. § 1074(a)(1) states that members of a uniformed service "are entitled to medical and dental care in any facility of any uniformed service."

Under Pennsylvania law, the collateral source rule "permits a tort victim to recover more than once for the same injury provided these recoveries come from different sources." Smith v. United States, 587 F.2d 1013, 1015 (3d Cir. 1978). The principle behind this rule is that "it is better for the wronged plaintiff to receive a potential windfall than for a tortfeasor to be relieved of responsibility for the wrong." Johnson v. Beane, 664 A.2d 96, 100 (Pa. 1993). Additionally, Pennsylvania courts allow double recovery when employers, with a donative intent, make gratuitous payments. See Feeley v. United States, 337 F.2d 924, 929-30 (3d Cir. 1964) (discussing Pennsylvania Supreme Court case law that found plaintiffs entitled to double recovery where payments by employers were considered gifts) (citations omitted). Payments out of a "specially funded source," such as Social Security benefits, has been found to be from a collateral source, and payment solely out of the general treasury has not. Compare Smith, 587 F.2d at 1015-17, with Feeley, 337 F.2d at 933-34.

In the present case, David Morgan received free medical treatment from TRICARE and the VA. Plaintiff Morgan now seeks to collect the reasonable value of those medical services from Defendants. In Feeley v. United States, the Third Circuit Court of Appeals presented a hypothetical similar to the present case to determine whether the plaintiff would ultimately be able to recover from the United States. Feeley, 337 F.2d at 928. The hypothetical involved a situation where a "plaintiff . . . received free government medical and hospital care and is seeking the value of [those] services as damages against a private defendant." Id. The court analyzed Pennsylvania case law and concluded that "Pennsylvania law would not allow recovery," contrary to the majority view. Id. at 927-28. (citations omitted). In Feeley, the plaintiff was a veteran of the armed services who received free medical care from the VA upon discharge. Id. at

13

926.  Plaintiff filed a FTCA claim for injuries sustained while working for the United States Post

Office, seeking "the reasonable value of the medical care furnished free by the [VA] . . . ." Id.

The Feeley court stated:

> The benefits this country bestows on its veterans seem intended to ensure that
> certain basic medical and hospital protection will be available to a veteran.  It is a
> matter . . . of caring for the veteran.  See the legislative history concerning
> service benefits contained in 38 U.S.C.A. at page 1, et seq.  It seems not to be a
> matter of a gift or additional bounty to be bestowed on the veteran.  We hold,
> therefore, that Pennsylvania law does not allow a double recovery here.  See
> United States v. Gaidys, 194 F.2d 762 (10 Cir. 1952).

Id. at 932.

In Feeley, the Third Circuit followed the Fourth Circuit's decision in Brooks v. United

States, 176 F.2d 482 (1949), remanded from 337 U.S. 49 (1949), holding that "hospital expenses

borne by the government through the [VA] should not be included in the plaintiff's damages.[7]

Id. at 933.  The Feeley court further stated that allowing the plaintiff to recover the cost of his

medical care would result in a "double-payment out of the general treasury by the United States."

Id. at 934.

The Feeley court explicitly limited its holding to the facts of the case, as further

evidenced by its decision in Smith v. United States, 587 F.2d 1013 (3d Cir. 1978).  In Smith, the

Third Circuit stated that Social Security benefits should not be deducted from recovery under the

FTCA in states that recognize the collateral source rule because "Social Security benefits are

funded almost entirely from employee and employer contributions," and not solely out of the

general treasury.  Smith, 587 F.2d at 1016.

---

[7] In its remanding opinion, the U.S. Supreme Court noted that they did not have the
benefit of argument of whether "Congress meant [for] the United States to pay twice for the same
injury."  Brooks v. United States, 337 U.S. 49, 53 (1949).

Plaintiff Morgan argues that <u>Feeley</u> is inapplicable to the present case because the holding was limited to the facts, in which the United States was a defendant. As Plaintiff Morgan correctly states, if the United States was liable as a defendant for David Morgan's injuries, the Plaintiff's recovery would be off-set for benefits already paid by the Government. <u>See</u> <u>Laskowski v. United States</u>, 918 F. Supp. 2d 301, 329 (M.D. Pa. 2013) (finding that the cost of past medical care at a VA hospital was not recoverable by the plaintiff since the payments were made by the tortfeasor, not an independent source.). Plaintiff Morgan asks us to simply view Defendants as private defendants and not look at the Contract. In doing so, we would have to ignore the fact that the United States would ultimately pay twice for the same medical services, a decisive fact, as evidenced by the case law interpreting the collateral source rule under Pennsylvania law.

Although the United States is not a defendant in the present action, we find the Third Circuit's reasoning as to the nature of the medical services and the policy concerning recovery analogous. In determining that the Pennsylvania collateral source rule did not apply, the Third Circuit in <u>Feeley</u> focused on the nature of the payment, such as, it was provided free by the Government, it was funded entirely out of the general treasury, and it was not gratuitous. Additionally, the Third Circuit also focused on the fact that any recovery would result in double-payment out of the general treasury. If Plaintiff Morgan was allowed to recover the cost of medical services provided by TRICARE and the VA, the result would be double-payment out of the general treasury. The Government already paid for David Morgan's medical services in accordance with 10 U.S.C. § 1074, and the Government would ultimately be held liable for a recovery pursuant to the Contract. Therefore, we find that the cost of free medical services

provided by TRICARE and the VA to David Morgan is not from a collateral source under

Pennsylvania law, and they are not recoverable by Plaintiff Morgan.

## D. **Conclusion**

Based on the aforesaid reasoning, we find that: (1) Plaintiff Morgan sufficiently pled a

cause of action under the Pennsylvania Survival Act in her Second Amended Complaint; (2)

Defendants are precluded from introducing the opinions of Mr. Joseph P. Tarris; and (3) Plaintiff

Morgan is not entitled to recover medical care expenses paid for by TRICARE and the United

States Department of Veterans Affairs.